Gaston, J.,
 

 after stating the case, as above, proceeded:— With respect to the matter of the first exception, the Court understands the law to be, that as executor, the defendant is chargeable with simple interest only; but that as guardian, he is accountable for the annual interest on the balance of principal and interest in his hands, unless he can show special equitable circumstances to acquit him of such accountability.
 
 Branch
 
 v.
 
 Arrington,
 
 2 Car. Law Repos. 252. In this case it does not appear what portion of the moneys charged was held by the defendant as executor, and what as guardian. This part of the report, therefore, must be recommitted to the commissioner, with instructions to make this discrimination ; and to regard all balances due from the defendant because of receipts as executor, to be held by him as guardian from the time when the administration of the estate as executor, was, or might reasonably have been concluded.
 

 With respect to the matter of the second exception, it appears to the Court, that the commissioner has proceeded upon an erroneous principle; and hath not so found the matters as to enable the Court to decide thereon. After setting forth the mutual allegations of the parties, the report finds, that it appears, “ that in the settlement made by Richard Bullock with the plaintiff, he had charged five per cent, commissions on the whole amount of receipts and disbursements; which sum ought to be a sufficient charge for settling the whole estate ; but if the plaintiff was willing to make that compensation to one of the executors, the master, notwithstanding, is of the opinion, under all the circumstances of the case, that the defendant ought to have a commission of two and a half per cent on such part of the estate as he had a joint agency in settling. If the master had concluded that the allowance of five per cen-tum by the plaintiff to the defendant’s co-executor, although
 
 *567
 
 quite enough to satisfy the claims of both, ought not, under the circumstances of the
 
 ex parte
 
 settlement, to preclude the defendant from receiving a fair remuneration for his time, trouble, risque and services, such conclusion would have received our sanction. But we understand him as taking this rate of commission as that
 
 settled
 
 to be the fair amount of compensation ; and giving one-half of the commissions allowed on all property which had been under the agency of the joint executors. Now we hold it to be clear, that the settlement in question was one solely between the plaintiff and Mr. Bullock; and whether there was any commission allowed to this gentleman, and if so, what was the amount thereof, is a matter wholly immaterial between the parties now litigant. We hold, that the commission found by the master to have been allowed, is no criterion for estimating the value of the entire services rendered by both executors; and that the circumstance of Mr. Hawkins having
 
 & joint
 
 agency in the matters which were the subject-matter of that settlement, does not therefore give him a right to one-half of the value of the entire services.
 

 This part of the report must also be recommitted. The master, in revising it, will direct his attention to the inquiry, what is the reasonable amount of compensation for the time he, the defendant, employed; the labour he performed; the services he rendered; and the responsibility he encountered in the performance of his duties; and report such a commission, not exceeding five per cent., as will amount to this compensation. It cannot be expected, and ought not to be demanded of the defendant, to make proof in detail, as of items in an account; but the commissioner can satisfy himself by general evidence of the commission proper on an entire settlement of such an estate; and of the proportion of this sum which the exertions of the defendant Hawkins entitle him to.
 

 PeR Curiam. Direct accordingly.